J-S23045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNIQUE KENNEDY | : | |
| | : | |
| Appellant | : | No. 374 EDA 2020 |

Appeal from the PCRA Order Entered January 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012026-2013

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                 **FILED SEPTEMBER 21, 2021**

Appellant, Unique Kennedy, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate the order and remand with instructions.

This case stems from Appellant's conviction for the murder of John Anderson and related offenses.  On July 9, 2013, Anderson "exchanged a series of text messages and phone calls with [a woman who was dating Appellant's co-defendant, Stephon Harris.  Harris] intercepted his girlfriend's phone call and spoke directly to Anderson.  An argument ensued over the phone and Anderson said, 'I'm at 72nd, do what you gotta do.'" ***Commonwealth v. Kennedy***, 151 A.3d 1117, 1119 (Pa. Super. 2016).  Harris recounted the argument to Appellant later that day.  That evening,

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 42 Pa.C.S. §§ 9541-9546.

Harris and Appellant went to Anderson's apartment building.  Appellant asked a passerby, Naheem Hines, if Anderson was home and told Hines that "Ace" was looking for Anderson.  Hines went upstairs into the building to deliver the message to Anderson.  Thereafter, Hines returned to the main entrance of the building accompanied by Anderson and Anderson's friend.

> Anderson was unarmed. As soon as Anderson began to open the interior door, five to six gunshots rang out and Anderson fell to the floor in the doorway of the apartment. Hines was able to see that Appellant was the shooter and saw [Appellant and Harris] running across the street, away from the scene of the shooting.

*Id.* at 1120 (original brackets omitted).

On February 20, 2015, a jury found Appellant guilty of first-degree murder, conspiracy to commit first-degree murder, carrying a firearm without a license, possessing an instrument of crime, and recklessly endangering another person.  That same day, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole.  On December 6, 2016, this Court affirmed Appellant's judgment of sentence.  ***See***

***id.***  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On December 6, 2017, Appellant filed this first, *pro se*, petition pursuant to the PCRA raising four claims of ineffective assistance of trial counsel.

- 2 -

George S. Yacoubian, Esquire, was appointed as PCRA counsel.[2]  On March 18, 2019, PCRA counsel filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), seeking to withdraw his appearance based on his assessment that all the issues Appellant raised in his PCRA petition were without merit.[3]  On April 8, 2019, Appellant filed a responsive letter objecting to counsel's request to withdraw.  Appellant filed a formal response on April 12, 2019, asking to amend his petition to include four more claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel.  PCRA counsel sought leave to file an amended PCRA petition on May 30, 2019, and a supplemental PCRA petition on July 2, 2019.[4]  Therein, PCRA counsel raised three of the four new

---

[2] Attorney Yacoubian initially sought and was granted leave to withdraw due to a new employment position.  However, on February 27, 2019, the PCRA court reappointed Attorney Yacoubian as PCRA counsel.

[3] PCRA counsel did not simultaneously file a motion to withdraw, and the PCRA court did not rule on counsel's request to withdraw.

[4] Thereafter, Appellant *pro se* filed four motions to amend his petition, as well as a response to the Commonwealth's motion to dismiss, despite being represented by PCRA counsel.  Generally, a PCRA court is not required to consider *pro se* filings from represented petitioners.  **See Commonwealth v. Blakeney**, 108 A.3d 739, 763 n.21 (Pa. 2014) (citations and quotation marks omitted) ("'[T]his Court [has] made clear that a criminal defendant represented by counsel is not entitled to hybrid representation—*i.e.,* he cannot litigate certain issues *pro se* while counsel forwards other claims.'  This is especially true on collateral review, and courts considering PCRA petitions [will not be required] to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants.").  Although not explicit, it
*(Footnote Continued Next Page)*

claims of ineffective assistance of trial counsel that Appellant had raised in his

April 12, 2019 response.[5]

_____

appears from the record that the PCRA court properly did not consider the *pro se* amended filings.

[5] Petitioners must be granted leave to file amended or supplemental PCRA petitions.

> Our criminal procedural rules reflect that the PCRA judge "may grant leave to amend ... a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing." Thus, for example, a petitioner may not simply amend a pending petition with a supplemental pleading. Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA Court." It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

***Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014) (some citations and quotation marks omitted). Here, the PCRA court did not explicitly grant PCRA counsel leave to amend or supplement Appellant's PCRA petition. Nonetheless, the PCRA court indicated in its dismissal order that it had reviewed "Counsel's Amended Petition[.]" Thus, we conclude that the PCRA court implicitly permitted Appellant to amend his petition by considering the issues contained in the amended PCRA petition filed by PCRA counsel, *i.e.*, ineffective assistance of trial counsel for failure to request redaction of Harris's statement and failure to call character witnesses. ***See Commonwealth v. Mojica***, 242 A.3d 949, 954–55 (Pa. Super. 2020) (citing ***Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa. Super. 2003), for its "holding that where a PCRA court denied a petition to amend, but later accepted and considered the amended petition on its merits, the PCRA court 'effectively allowed Appellant to amend his petition to include those issues presented in the supplement' pursuant to Rule 905(a)"), *appeal denied*, 252 A.3d 595 (Pa. 2021). Although the PCRA court did not explicitly grant Appellant leave to supplement his PCRA petition or specifically mention review of the supplemental filing in its notice of intent to dismiss without a hearing pursuant

*(Footnote Continued Next Page)*

- 4 -

The Commonwealth filed a motion to dismiss on October 21, 2019.  On December 19, 2019, the PCRA court entered its Rule 907 Notice.  On January 6, 2020, Appellant *pro se* filed two responses to the Rule 907 Notice, alleging ineffective assistance of PCRA counsel for failure to raise claims requested by Appellant, seeking permission to proceed *pro se* or have new counsel appointed, and arguing the merits of his PCRA claims.  On January 21, 2020, the PCRA court filed an order that dismissed Appellant's PCRA petition for lack of merit.  Although the PCRA court noted that it reviewed Appellant's reply to the Rule 907 Notice, the PCRA court did not provide any analysis of Appellant's

---

to Pa.R.Crim.P. 907 (Rule 907 Notice), the PCRA court stated in its Pa.R.A.P. 1925(a) opinion that it dismissed Appellant's petition after consideration of, *inter alia*, "counsel's amended and supplemental petitions[.]"  PCRA Court Opinion, 1/19/2021, at 1.  Therefore, we interpret the Rule 907 Notice as encompassing an implicit grant to supplement as well.

ineffective assistance of trial, appellate, or PCRA counsel claims. That same day, PCRA counsel filed this timely notice of appeal.[6, 7]

Appellant raises the following issues on appeal:

A. Did PCRA counsel provide ineffective assistance of counsel by failing to raise a claim in the amended PCRA petition counsel filed alleging that direct appeal counsel provided ineffective assistance of counsel by not asserting that the trial court erred by permitting the Commonwealth to impeach Appellant with the contents of his co-defendant's statement?

B. Did PCRA counsel provide ineffective assistance of counsel by failing to raise a claim in the amended PCRA petition PCRA counsel filed alleging that trial counsel provided ineffective assistance of counsel by failing to request that the jury be instructed that it could only use co-defendant Harris' statement as evidence against Harris?

C. Did PCRA counsel provide ineffective assistance of counsel by failing to raise a claim alleging that trial counsel was ineffective

_____

[6] Based upon Appellant's claims of ineffective assistance of PCRA counsel and his request to proceed *pro se* or receive newly-appointed counsel, PCRA counsel sought leave to withdraw for purposes of appeal. On June 22, 2020, this Court remanded the case to the PCRA court for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). On remand, Appellant *pro se* requested the appointment of new counsel and a hearing on his ineffective assistance of PCRA counsel claims. **See** Motion to Consider Argument During **Grazier** Hearing, 7/8/2020. From our review of the record, it appears that the PCRA court did not address this motion. Moreover, it appears that a **Grazier** hearing was not held. Instead, John Belli, Esquire, was appointed to represent Appellant. It is unclear from the record when the PCRA court appointed Attorney Belli. Nonetheless, Attorney Belli notified the PCRA court by letter, dated October 15, 2020, that Appellant accepted Attorney Belli's appointment.

[7] The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) and none was filed. On January 19, 2021, the PCRA court filed its Pa.R.A.P. 1925(a) opinion.

for failing to discuss and consult with Appellant whether or not Harris' statement should be redacted?

D. Did PCRA counsel provide ineffective assistance of counsel for failing to raise a claim alleging that trial counsel was ineffective for not objecting to the absence of Appellant when counsel advised the court that the defense did not want Harris' statement redacted?

E. Did the PCRA court err by denying relief on Appellant's claim alleging that trial counsel provided Appellant with ineffective assistance of counsel by failing to request and agreeing to the introduction of Harris' statement without redaction?

F. Did PCRA counsel provide ineffective assistance of counsel by failing to raise a claim asserting that trial counsel provided ineffective assistance of counsel by failing to request that the jury be instructed that if Appellant unreasonably believed that he was justified in shooting the victim it could find him guilty of imperfect self-defense voluntary manslaughter?

Appellant's Brief at 3-4 (unnecessary capitalization omitted). We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018).

Before addressing the merits of Appellant's claims on appeal, we must first address Appellant's allegations of PCRA counsel's ineffectiveness and the PCRA court's treatment of those claims. "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the

PCRA court to correct that mistake." ***Commonwealth v. Betts***, 240 A.3d 616, 621 (Pa. Super. 2020) (citation and quotation marks omitted).

Because this is Appellant's first PCRA petition, he has the right to effective assistance of counsel in pursuing collateral review of his judgment of sentence.

In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)).

While the existence of this right is well-established, the procedure for its enforcement, *i.e.*, raising allegations of PCRA counsel's ineffectiveness, remains ill-defined under Pennsylvania law[.]

\*\*\*

[In other words], "since petitioners are not authorized to pursue hybrid representation and counsel cannot allege [their] own ineffectiveness, claims of PCRA counsel ineffectiveness cannot **ordinarily** be raised in state post-conviction proceedings[.]" ***Commonwealth v. Rykard***, 55 A.3d 1177, 1188 (Pa. Super. 2012) (emphasis added).

However, our Supreme Court also concomitantly requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. ***See Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009). ...

\*\*\*

- 8 -

Subsequent interpretation of *Pitts* by both the Supreme Court and this Court have reaffirmed this aspect of the holding. **See Commonwealth v. Robinson**, 139 A.3d 178, 184 n.8 (2016); **Commonwealth v. Henkel**, 90 A.3d 16, 25 (Pa. Super. 2014) (*en banc*) ("[T]he *Pitts* majority mandated that a petitioner raise any allegations of PCRA counsel ineffectiveness in response to the PCRA court's notice of dismissal.").

*Id.* at 621–22 (citations altered).

As detailed above, Appellant complied with our Supreme Court's mandate by timely filing an objection to the Rule 907 Notice raising allegations of PCRA counsel's ineffectiveness. However, it is evident from the record that the PCRA court never considered Appellant's assertions of PCRA counsel's ineffectiveness.[8]

"Appellant's rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding." *Id.* at 623. Thus, Appellant had a right to effective assistance of counsel when he alleged PCRA counsel's ineffectiveness in response to the Rule 907 Notice. However, he could not rely on PCRA counsel to assist him in pursuing these claims because counsel cannot argue his own ineffectiveness. **See id.** Rather, this Court held in **Betts** that under these circumstances, a petitioner is entitled to substitute counsel to pursue claims of PCRA counsel's ineffectiveness because a petitioner's "timely allegations of ineffectiveness create[] a 'substantial' and

---

[8] We note that in its dismissal order, the PCRA court indicated that it considered Appellant's reply to the Rule 907 Notice. However, the PCRA court did not address Appellant's claims of ineffective assistance of PCRA counsel in its dismissal order or in its Pa.R.A.P. 1925(a) opinion.

'irreconcilable' conflict in his relationship with" PCRA counsel. *Id.* (citing Pa.R.Crim.P. 122(C)). In so holding, we observed that "[o]ur case law is replete with instances where allegations of ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context." *Id.* (citations omitted). Additionally, a petitioner cannot be required "to shoulder the heavy burden of establishing his right to relief without the assistance of counsel. Requiring Appellant to make substantive *pro se* arguments would undermine his efforts to obtain collateral relief" and "subvert the purpose of [his] entitlement to the effective assistance of counsel." *Id.* at 624.

Based on the foregoing, we conclude, as we did in **Betts**, "that Appellant is entitled to remand for the appointment of substitute PCRA counsel to prosecute these abeyant claims of ineffectiveness." *Id.*

On remand, we direct the PCRA court to permit Attorney Belli to remain as substitute PCRA counsel or appoint new substitute PCRA counsel. That counsel shall then: (1) review Appellant's *pro se* objections concerning Attorney Yacoubian's ineffectiveness;[9] (2) file supplemental briefing limited to discussing the merits of those claims within a reasonable timeframe; and (3) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have an opportunity to respond to any supplemental

---

[9] As this Court acknowledged in **Betts**, "Appellant's assertions of [PCRA counsel's] ineffectiveness may ultimately prove meritless. Our holding is concerned only with ensuring those claims are given proper consideration. Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions. That is the province of the PCRA court." 240 A.3d at 624 n.13 (citations omitted).

- 10 -

filings. Thereafter, the PCRA court shall have the discretion to proceed as it sees fit, pursuant to Pennsylvania law and the Rules of Criminal Procedure, including ordering further proceedings and granting or denying Appellant's PCRA petition.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2021